UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LEE MORRISON, #150225,

        Plaintiff,

                              CASE NO. 05-CV-73685-DT
v.                              HONORABLE LAWRENCE P. ZATKOFF

DR. DARREL BRADY,

        Defendant.
_____/

## OPINION AND ORDER DENYING LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING COMPLAINT

This matter is before the Court on Plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). On October 4, 2005, this Court issued an order requiring Plaintiff to show cause why his complaint should not be dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Plaintiff filed a response to the Court's order on October 20, 2005 asserting that he should be allowed to proceed without prepayment of the filing fee because he is under imminent danger of serious physical injury.

Under the Prison Litigation Reform Act ("PLRA"), the Court may dismiss a case if, on three (3) or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). The Court's database reveals that Plaintiff has filed at least three (3) prior cases in the United States District Courts for the Eastern and Western Districts of Michigan which

1

have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See*:

| Case No. | Defendant(s) | Dismissal Date | U.S. District Judge |
|---|---|---|---|
| 97-CV-75940 | MI Dept. Corr., et al. | 12/30/97 | Patrick J. Duggan |
| 98-CV-00015 | MI Dept. Corr., et al. | 06/19/98 | Gordon J. Quist |
| 03-CV-60267 | Koenig, et al. | 01/09/04 | Marianne O. Battani |

In his reply to the show cause order, Plaintiff does not challenge the dismissals of these cases. Rather, he alleges that he "is under imminent danger of serious physical injury" so as to fall within the exception to the three strikes provision set forth in 28 U.S.C. § 1915(g). To fall within the statutory exception to the "three strikes" rule, a prisoner must allege that he is under imminent danger at the time he seeks to file his complaint and proceed without prepayment of the filing fee. *See Wallace v. Franklin*, 66 Fed. Appx. 546, 547, 2003 WL 21054680, *1-2 (6th Cir. 2003); *accord Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Plaintiff asserts that he is under imminent danger of serious physical injury because the defendant has not renewed his prescriptions for Drixoral, an antihistamine and decongestant, and Accolate, a preventative asthma medication. Plaintiff, however, has not established that he is under imminent danger of serious physical injury. While asthma presumably constitutes a serious medical need, *see Garvin v. Armstrong*, 236 F.3d 896, 989 (7th Cir. 2001), Plaintiff has not shown that the defendant's refusal to prescribe Drixoral or Accolate places him in imminent danger of serious physical injury. The medical records submitted with Plaintiff's complaint indicate that his current physical condition does not warrant continued treatment with Drixoral and that his asthma may be

2

sufficiently controlled with an inhaler medication, such as Albuterol. The fact that Plaintiff suffered from bronchitis in September, 2004 is insufficient to establish that he is subject to an ongoing threat of serious physical injury. *See Banos*, 144 F.3d at 885; *see also Davis v. Cook*, 248 F.3d 1147, 2001 WL 128320 (6th Cir. Feb. 7, 2001) (unpublished).

Because the medical records indicate that Plaintiff's health has been monitored by prison officials and that he has received care for his medical complaints, Plaintiff has failed to show that he is under imminent danger of serious physical injury. *See Cain v. Shilling*, 2001 WL 515263, *2 (W.D. Va. March 14, 2001) (plaintiff failed to show that he was under imminent danger of serious physical injury where evidence indicated that his chronic conditions were being monitored and he received available treatments). Furthermore, Plaintiff's disagreement with the recommended course of treatment does not establish a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a negligence claim concerning a prisoner's medical treatment, *i.e.* medical malpractice, is not cognizable in a civil rights action brought pursuant to 42 U.S.C. § 1983). The Court thus concludes that Plaintiff has not demonstrated that he "is under imminent danger of serious physical injury" so as to fall within the exception to the "three strikes" provision of 28 U.S.C. § 1915(g), or that he should otherwise be allowed to proceed on his complaint without prepayment of the filing fee.

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee. Plaintiff is not authorized to proceed before this Court without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(g). Additionally, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff filing a complaint with payment of the $250.00 filing fee. The Court notes that any such complaint will be reviewed to determine whether it should be served upon the defendant or should

be summarily dismissed under 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

Lastly, the Court concludes that an appeal from this order would be frivolous and, therefore, cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

 s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

DATED: November 30, 2005